# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DONALD THOMAS     )
WETHERALL, #317576    )
                         )    CIVIL ACTION NO. 9:15-1753-TLW-BM
        Petitioner,   )
                         )
v.                        )    **REPORT AND RECOMMENDATION**
                         )
WARDEN CECILIA REYNOLDS,  )
                         )
        Respondent.   )
_____)

        Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on June 23, 2014, in the Eastern District of Virginia.[1] The case was transferred to the District of South Carolina on July 2, 2015.

        The Respondent filed a return and motion for summary judgment on July 22, 2015. As the Petitioner is proceeding pro se, a Roseboro order was entered on July 23, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner filed a response in opposition on August 10, 2015.

---

    [1]There is no delivery date to the mail room on the envelope so the undersigned used the date of the petition as the filing date. Cf. Houston v. Lack, 487 U.S. 266 (1988).



This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Laurens County in January 2005 for criminal sexual conduct (CDC) with a minor and committing or attempting a lewd act upon a child under Sixteen Years of Age [Indictment No. 05-GS-30-0166].  (R.pp. 376-377).  Petitioner was represented by Claude H. Howe, III.  Following a jury trial on September 12-14, 2006, the trial judge directed a verdict on the charge of criminal sexual conduct with a minor in the first degree, and charged the jury on the lesser-included offense of assault with intent to commit criminal sexual conduct with a minor, the lesser-included offense of assault and battery of a high and aggravated nature, and lewd act on a minor.  (R.pp. 139-140, 171-175, 194-208).  Petitioner was thereafter found guilty of assault with intent to commit criminal sexual conduct with a minor, as well as on the indicted charge of lewd act on a minor.  Petitioner was found not guilty on the charge of assault of a high and aggravated nature.  (R.p. 214). Petitioner was sentenced to thirty (30) years imprisonment, provided that upon the service of twenty (20) years, the balance suspended with five (5) years probation for the CSC charge, and fifteen (15) years for the lewd act charge, concurrent.  (R.p. 220).

Petitioner filed a timely appeal on which he was represented by Katharine H. Hudgins, Esquire, of the South Carolina Commission on Indigent Defense.  Petitioner raised the following issues on appeal:

> **Ground One:** Did the judge err in submitting an assault with intent to commit criminal sexual conduct with a minor first degree charge to the jury when the

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



[Petitioner] was indicted for criminal sexual conduct with a minor first degree and lewd act and the judge directed a verdict of not guilty on the criminal sexual conduct with a minor first degree?

**Ground Two:** Did the judge err in refusing to allow defense counsel to present evidence that the juvenile victim had herpes simplex II and the [Petitioner] did not?

(R.p. 224).

On June 15, 2009, the South Carolina Court of Appeals filed an Order dismissing the appeal. <u>State v. Wetherall</u>, 2009-UP-340 (S.C.Ct.App. June 15, 2009). (R.pp. 260-261). The Petitioner submitted a Petition for Rehearing on June 29, 2009, which was denied by written order dated August 25, 2009. (R.pp. 262-265). Petitioner then submitted a petition for writ of certiorari to the South Carolina Supreme Court on December 29, 2009, which the South Carolina Supreme Court denied on January 20, 2011. (R.pp. 266-276, 296). The Remittitur was sent down on February 7, 2011. (R.p. 297).

On February 4, 2011, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>See</u> <u>Wetherall v. State of South Carolina</u>, No. 2011-CP-30-114. (R.pp. 299-305). Petitioner raised the following issues in this APCR:

**Ground One:** Ineffective Assistance of Counsel.

a) "Failure to make contemporaneous objections"

b) "Made lies to the judge"

c) "Failure to object to argument"

d) "Motion for mistrial"

**Ground Two:** "Judge err".

a) "Errored (sic) when charged jury with Assault W/I to commit CSC 1st as a lesser-included charge, plus there was no evidence of AWIC"



b) "Erred when excluding the evidence that victim had herpes and I did not, allowing the State to impeach me, allowed change of Lewd Act to go to jury and that state proves all elements required to convict me."

**Ground Three:** "Malice prosecution".

a) "Argument in closing statement things he did not prove changed statement from opening to closing"

b) "Broke two court orders"

(R.p. 301).

Petitioner subsequently filed (through counsel) an amendment addressing 31 specific claims of ineffective assistance of counsel. (R.pp. 312-315).

Petitioner was represented in his APCR by Rodney Richey, Esquire, and an evidentiary hearing was held on Petitioner's application on March 12, 2012. (R.pp. 317-365). At the hearing, Petitioner proceeded only on his claims that his trial counsel was ineffective for failing to seek a speedy trial, for failing to object to the minor victim testifying and to the testimony of Vicki White, by not adequately researching the lesser included offense charge, and for not objecting to the Solicitor's comments during closing argument. (R.pp. 322-339). In an order dated April 16, 2012 (filed on April 26, 2012), the PCR judge denied relief on the APCR in its entirety, specifically addressing only Petitioner's clams that counsel should have sought a speedy trial motion, counsel should have objected to the victim testifying, and counsel should have objected to the Solicitor's comments during closing argument. (R.pp. 366-375).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Appellate Defender Dayne C. Phillips, who raised the following issues:

**Ground One:** Did the trial counsel provide ineffective assistance of counsel by

4



failing to object to the solicitor's closing argument when the solicitor's comments constituted a "Golden Rule" argument which impermissibly appealed to the passions of the jurors and so infected the trial with unfairness as to make the resulting conviction a denial of due process?

**Ground Two:** Did trial counsel provide ineffective assistance of counsel by failing to object to the solicitor's closing argument when the solicitor's comments violated Petitioner's constitutional right to remain silent and failure to present a defense?

<u>See</u> Petition, p. 2 (Court Docket No. 18-1, p. 3).

On May 16, 2014, the South Carolina Court of Appeals denied the petition. <u>See</u> <u>Donald Wetherall, Petitioner, v. State of South Carolina</u>, Appellate Case No. 2012-212074, Order (S.C.Ct.App. May 16, 2014) (Court Docket No. 18-3). The Remittitur was sent down on June 4, 2014 (and filed on June 6, 2014). <u>See</u> Court Docket Nos. 18-4 & 18-5.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Judge Err.

a. The judge erred in submitting an assault w/ intent to commit CSC 1st w/ minor when Petitioner was indicted for CSC 1st w/ minor and the judge directed a verdict of not guilty on the CSC 1st w/ minor.

b. The judge erred in refusing to allow defense to present evidence that the juvenile had herpes simplex II and the Petitioner did not.

c. Evidence does not support assault w/ intent to commit CSC 1st w/ minor.

**Ground Two:** Ineffective assistance of counsel.

a. Trial counsel (Claude H. Howe, III) admitted at the evidentiary hearing "in Ron Fleming's (solicitor) closing statement, I would admit at some point in time, I got distracted and that must have been when Fleming made the argument from one of Grisham's books (A Time to Kill) and I admit I was asleep at the wheel when that took place, and I should have objected to that at that point in time. There is no question in my mind; I should have done that."

5



**Ground Three:** Ineffective assistance of counsel.

a. Counsel did not object to the Solicitor's closing comments that violated Petitioner's constitutional right to remain silent.

**Ground Four:** Prosecutorial Misconduct.

Solicitor's closing comments violated Petitioner's constitutional right to remain silent and failure to present a defense made a "Gold(sic) Rule" argument which appealed to the passions of the jurors and so infected the trial with unfairness as to make the resulting conviction a denial of due process.

<u>See</u> <u>Petition</u> [Court Docket No. 1], pp. 5-8, 10.[3]

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

---

[3]The undersigned is constrained to note that in Petitioner's response in opposition to summary judgment, he references several other alleged errors at his trial. To the extent that any of these arguments are relevant to the issues raised in his Petition, the undersigned has considered them. However, to the extent that they are not relevant to the issues before the Court in this Petition, no motion to amend has been filed and, therefore, the Respondent did not address these unrelated allegations and they are not properly before this Court for its consideration and have not been discussed.



# I.

In Ground One, Petitioner contends that the evidence does not support the charge of assault with intent to commit criminal sexual conduct first degree with a minor, that the trial court erred by submitting the charge of assault with intent to commit criminal sexual conduct in the first degree to the jury, and erred in refusing to allow the defense to present evidence that the victim had herpes simplex II and the Petitioner did not.

### Jury Charge Error

With regard to the alleged jury charge error, Petitioner argues that he was charged with criminal sexual conduct with a minor in the first degree, and that the charge of assault with intent to commit criminal sexual conduct with a minor is not a lesser-included offense of his original charge and should not have been charged to the jury.[4]

"In determining whether one crime is a lesser included offense of another, the test is whether the greater of the two offenses includes all of the elements of the lesser offense. If the lesser offense includes an element which is not included in the greater offense, then the lesser offense is not included in the greater offense." State v. Brock, 516 S.E.2d 212, 214 (S.C. 1999)(citations omitted). The elements of first degree assault with intent to commit CSC on a minor are: (1) an assault, (2) with the intent to commit a sexual battery, (3) against a minor under the age of eleven. S.C. Code Ann. § 16-3-655(1) and 16-3-656. The elements are the same as actually committing the sexual battery, except that the attempt to do so "falls short of completing" the act.

An assault with intent to commit criminal sexual conduct with a minor in the first degree is more aptly designated as an "attempt" to commit criminal sexual conduct

---

[4]As previously noted, the trial court directed a verdict for the Petitioner on the original charge of criminal sexual conduct with a minor in the first degree. (R.pp. 139-140).

7



with a minor. See State v. LaCoste, 553 S.E.2d 464, 471 (S.C.Ct.App.2001) ("Assault is an **attempted** battery or an 'unlawful **attempt** or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery.' " (emphasis added) (quoting State v. Sutton, 532 S.E.2d 283, 285 (S.C. 2000))); see also 6 Am.Jur.2d *Assault & Battery* § 1 (1999) (defining assault as the "intentional **attempt** by a person, by force or violence, to do an injury to the person of another, or as any **attempt** to commit a battery, or any threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with a present ability, to commit a battery"); *Black's Law Dictionary* 109; 123 (7th ed. 1999) (defining assault as an "**attempt** to commit battery, requiring the specific intent to cause physical injury;" and defining attempt as "an overt act that is done with the intent to commit a crime but that falls short of completing the crime").

State v. Sosbee, 637 S.E.2d 571, 573 (S.C.Ct. App. 2006)(Emphasis in original).

> The trial court and the South Carolina Court of Appeals both found as a matter of state law that the offense charged was a lesser-included offense of the original charge, with the South Carolina Court of Appeals citing the following authority in its opinion upholding the conviction:

> State v. Cribb, 426 S.E.2d 306, 309 (S.C. 1992)(internal citations omitted)("A lesser included offense is one that requires no proof beyond that which is required for conviction of the greater offense. The greater offense must include all the elements of the lesser."); State v. Sosbee, 637 S.E.2d 571, 573 (S.C.Ct.App. 2006)("An assault with intent to commit criminal sexual conduct with a minor in the first-degree is more aptly designated as an 'attempt' to commit criminal sexual conduct with a minor."); State v. Brock, 516 S.E.2d 212, 214-215 (S.C.Ct.App. 1999)(stating the offense of ACSC first-degree with a minor requires the victim to be under the age of eleven, an assault to occur, and "the perpetrator must act with intent to commit a sexual battery").

State v. Wetherall, 2009-UP-340 (S.C.Ct.App. June 15, 2009). (R.pp. 260-261).

No reversible error has been shown by Petitioner with respect to these findings. State v. Cribb, 426 S.E.2d at 309 ["A lesser included offense is one that requires no proof beyond that which is required for conviction of the greater offense. The greater offense must include all the elements of the lesser."]; see Smith v. State of North Carolina, 528 F.2d 807, 809 (4th Cir. 1975)[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].

8



In any event, in reviewing Petitioner's claim of error with respect to this issue, this Court is constrained by the fact that the federal courts have no supervisory authority over state court proceedings and can only correct errors of a constitutional dimension. Smith v. Horn, 120 F.3d 400, 414 (3d Cir.1997) (citations omitted) [discussing a state court's evidentiary ruling and that the charge must implicate a habeas petitioner's federal constitutional rights to be cognizable for federal habeas review], cert. denied, 522 U.S. 1109 (1998). With respect to jury instructions, even if a jury instruction was found to be improper, it only violates a defendant's constitutional rights if the instruction "by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72(1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Hence, to be entitled to federal habeas relief on an improper jury instruction claim, the Petitioner must establish that the erroneous jury instruction was so prejudicial that it negatively affected the outcome of the trial. Tarpley v. Estelle, 703 F.2d 157, 159 (5th Cir.1983), cert. denied, 464 U.S. 1001 (1983). No such showing has been made, and this claim is therefore without merit.

### **Presentation of Medical Evidence**

With regard to Petitioner's issue that the trial judge erred in refusing to allow the defense to present evidence that the juvenile had herpes simplex II and the Petitioner did not, both the trial court and the South Carolina Court of Appeals considered and denied this issue, with the South Carolina Court of Appeals citing the following authority in upholding the conviction:

> State v. Brock, 516 S.E.2d 212, 215 (S.C.Ct.App. 1999)(citing State v. Aiken, 470 S.E.2d 404 (S.C.Ct.App. 1996)("The admission or rejection of evidence is largely within the sound discretion of the trial judge, and the trial judge's decision will not be disturbed on appeal absent an abuse of discretion."); Rule 401, SCRE (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

9



State v. Wetherall, 2009-UP-340 (S.C.Ct.App. June 15, 2009). (R.pp. 260-261).

The trial court found that a physician's testimony that the victim had tested positive for genital herpes in 2006 was not relevant to her being sexually assaulted in 2004 (allegedly by the Petitioner), at which time she had tested negative for any STD following this assault. (R.pp. 141-143, 148-149). Petitioner has not provided this Court with any authority with which to overturn the state court's decision on this evidentiary issue, and has therefore failed to show that he is entitled to federal habeas relief on this ground. Estelle, 502 U.S. at 67 [It is not the province of a federal habeas court to reexamine state court determinations of state law questions]; Ward v. Warden of Lieber Correctional Institution, No. 11-3277, 2013 WL 1187133 at *18 (D.S.C. Feb. 15, 2013), adopted by, 2013 WL 1187112 (D.S.C. Mar. 20, 2013)[To obtain federal habeas relief, a state prisoner must "demonstrate that the state courts' decisions were so fundamentally unfair that they resulted in a denial of due process"]. Therefore, this claim is also without merit.

### Lack of Evidence to Support the Charge

Petitioner's final contention in his Ground One is that after the trial court directed a verdict on the original charge of criminal sexual conduct with a minor in the first degree, it was error to charge the jury on the lesser included offense because there was not evidence to support that charge. This claim is really part and parcel of Petitioner's claim that it was error to charge the lesser included offense, which has already been discussed, supra. In any event, there was overwhelming evidence of Petitioner's guilt, meeting all of the elements of this charge. See discussion, infra. See also, (R.pp. 250-252) [Excerpt from State's brief on direct appeal].

Based on the evidence in the record and the applicable law, Petitioner has not shown that he was prejudiced or that his conviction violates due process, nor has he shown that the state



court's rejection of this claim was unreasonable.  Evans v. Smith, 200 F.3d 306, 312 (4th Cir. 2000) [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000); Bell v. Jarvis, 236 F.3d 149, 157-158 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001); 28 U.S.C. § 2254(e)(1)[Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].  Therefore, this claim is without merit and should be dismissed.

## II.

In Ground Two, Petitioner contends that his counsel was ineffective for failing to object to the Solicitor's alleged "Time to Kill"[5] type comments during his closing statement. Petitioner raised this issue in his APCR, where Petitioner had the burden of proving the allegations in his petition.  See Wetherall v. State of South Carolina, No. 2011-CP-30-114.  See also Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).  The PCR Court denied this claim, and the South Carolina Court of Appeals also denied Petitioner's appeal of his APCR on this issue.  See Court Docket No. 18-3.

The PCR judge found[6] that: 1) Petitioner's testimony regarding counsel's ineffectiveness was not credible; 2) Petitioner alleged that his counsel was ineffective for not

---

[5]A novel by John Grisham, referencing the "Golden Rule".  See discussion, infra.

[6]The PCR judge also made findings on additional issues that have not been raised in Petitioner's federal habeas petition.  (R.pp. 370-372).  Since those other findings are not relevant to the issues in this petition, they are not discussed herein.



objecting to the Solicitor's closing arguments; 3) the Solicitor referenced the statement Petitioner wrote to his girlfriend in which he basically admitted the crime; 4) counsel testified that this caused Petitioner the greatest problem in his case; 4) this statement was a fair commentary and a reasonable inference based on the evidence presented at trial; 5) therefore, counsel was not ineffective for not objecting to the Solicitor's comments on Petitioner's own letter to his girlfriend; 6) the statement concerning the blanket being washed was also a fair commentary and reasonable inference based on the evidence presented at trial; 7) counsel was not ineffective for failing to object to the Solicitor's comments on the blanket being washed;[7] 8) the Solicitor made essentially "A Time to Kill" argument which may have been arguably objectionable; 9) however, this argument was not improper *per se*, nor was it so improper as to mandate an objection or infer prejudice; 10) Petitioner failed to meet his burden of proving counsel's performance was deficient for not objecting to the Solicitor's closing argument or that he was prejudiced thereby; 11) Petitioner did not establish any constitutional violations or deprivations that would require the court to grant his application; 12) except as discussed herein, Petitioner failed to raise the remaining allegations set forth in his application at the hearing and thereby waived them; and 13) Petitioner's failure to address these issues at the hearing indicated a voluntary and intentional relinquishment of his right to do so.  (R.pp. 371-373).

---

[7]In Petitioner's federal habeas petition, he does *not* assert a claim of ineffective assistance of counsel for failure to object to the Solicitor's closing argument with regard to the Solicitor's reference to Petitioner's statement to his girlfriend or about the blanket.  As such, those issues are not presently before the Court for consideration.  Cf. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert, denied, 528 U.S. 959 (1999)"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.] (quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir.1995) (quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)).  The undersigned has included those findings hereinabove only because they relate to the closing argument and in order to put the PCR court's overall findings in the proper context.



Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d at 311-312 ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362. See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was



based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  As noted by the Supreme Court, the

> AEDPA's standard is intentionally " ' "difficult to meet." ' " White v. Woodall, 572 U.S. ___, 134 S.Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 569 U.S. ___, 133 S.Ct. 1781, 1786 (2013)). We have explained that " 'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." White, 572 U.S., at ___, 134 S.Ct., at 1702 (some internal quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Id., at ___, 134 S.Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86 (2011).

> Adherence to these principles serves important interests of federalism and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." Woodford v. Visciotti, 537 U.S. 19, 24(2002) (*per curiam*). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, supra, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted). This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be " ' "doubly deferential" ' " in order to afford "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. ___, 134 S.Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, ___, 131 S.Ct. 1388, 1403 (2011)).

Woods v. Donald, 135 S.Ct. 1372, 1376 (2015).

Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland,



the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996).  As discussed hereinbelow, infra, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard.  Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

The "Golden Rule" argument is one which suggests that jurors put themselves in the shoes of the victim and decide the case based on personal interests and bias rather than the evidence.  See State v. Reese, 597 S.E.2d 169 (S.C.Ct.App. 2004), aff'd in part and rev'd in part, 633 S.E.2d 898 (S.C. 2006)[recognizing Solicitor's improper argument when asking the jury to speak for the victim]; but see State v. Warren, 499 S.E.2d 431, 434-435 (N.C. 1998)[holding the prosecutor may properly ask the jury to imagine the fear and emotions of the victim during closing argument if based on the evidence].  However, the Respondent argues that the Solicitor's statements were not a "Golden Rule" argument, but were only highlighting the victim's testimony.  The record reflects that in his closing argument, the Solicitor stated,

> You think about this, Ladies and Gentlemen.  You thin[k] about the courage it took for that seven-year old little girl to come in here and tell you those vivid details of what happened to her.  How embarrassing it was for her, had to be.  Had to be.  Now,



I'd like you to do something for me. I'd like you all to close your eyes for a second. I want you to imagine a five-year old little girl. She's in her nightgown, nothing but her pair of panties and she's laying on the couch in a place that she is comfortable in her own home. Can you see her? She's watching cartoons. It might be Saturday morning. It might be Wednesday morning. I don't know but, she's in a comfortable place watching cartoons and someone you know and trust comes into that room and sits down on the couch beside her and he make her take her panties off. And that person gets on top of her with his sweating, stinking body and he tries to put his penis into her five-year old vagina. Can you see the fear in that child's eyes? Can you see the tear rolling down her checks as it hurts? Can you see it Ladies and Gentlemen? Can you see her laying there in fear not knowing what to do? Do you think that's not going to have an affect on her for the rest of her life? Do you think she's not going to see his face in her nightmares every night for the rest of her life? I put to you that she will. You can open your eyes. But, you can see that little girl laying there on that couch, not knowing what to do, and that man taking advantage of her.

(R.pp. 192-193).

The PCR court found that the Solicitor's comments in his closing argument were not improper *per se*, nor were they so improper as to mandate an objection or infer prejudice. (R.p. 373). The South Carolina Court of Appeals also denied relief on this claim. See <u>Donald Wetherall, Petitioner v. State of South Carolina</u>, Appellate Case No. 20-12-212075, Order (S.C.Ct.App. May 16, 2014). However, even assuming arguendo that counsel should have objected to the Solicitor's argument (i.e., that his representation was deficient), Petitioner has still not shown that he was prejudiced by these statements. <u>Brown v. State</u>, 680 S.E.2d 909, 915-916 (S.C. 2009)[Finding that while the solicitor's remarks encouraging the jury to "speak for" the victim were improper, no prejudice had been shown because the solicitor's comments came at the end of his closing argument and were limited in duration and there was overwhelming evidence of guilt]; <u>see</u> <u>also</u> <u>Von Dohlen v. State</u>, 602 S.E.2d 738, 743-746 (S.C. 2005)[Finding Golden Rule arguments harmless error in a death penalty case]; <u>State v. Reese</u>, 633 S.E.2d 898, 900-902 (S.C. 2006)[Finding Golden Rule error harmless].



The trial transcript reflects that Petitioner gave an oral statement to an investigator with the Laurens County Sheriff's Office, which was admitted at trial, and that in this statement Petitioner admitted to touching the victim's private parts and that he had told this to a pastor and to the victim's mother. (R.pp. 93-97). Petitioner also told the investigator that after an incident between the victim and the victim's biological father, that the victim started asking him to touch her, including the incident in the present case. (R.p. 96). Petitioner also admitted to sending a letter to the victim's mother, which was admitted into evidence, that stated,

> Michelle, What happened?  How did they hear about this s. . .?  Are you the one who told them? I thought we were going to work through this.  I am going to jail for the rest of my life- Am I going to jail for the rest of my life?  I can't call from in here. Can you get collect calls?

(R.pp. 97-98).

Finally, the victim also testified at trial that the Petitioner made her take her panties off, stuck his "wee wee" on her, got on top of her, that it hurt, and that "he did that white stuff on her belly." (R.pp. 41-43).

Based on the overwhelming evidence of Petitioner's guilt presented at his trial, Petitioner has not shown that the outcome of his trial would have been different even if his counsel had objected to the Solicitor's closing argument and the trial court would have sustained that objection. Brown, 680 S.E.2d at 915-916.  Therefore, Petitioner has not shown that the findings and rulings of the state courts were unreasonable, or that his counsel was ineffective. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra.; Greene v. Fisher, 132 S.Ct. 38, 43 (2011)[observing that AEDPA's "standard of 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' is difficult to meet, because [its purpose] is to ensure



that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems', and not as a means of error correction"].  Ground Two should be dismissed.

## III.

In Ground Three, Petitioner contends that his counsel was ineffective for failing to object to the Solicitor making a statement in his closing argument which Petitioner asserts commented on his right to remain silent and not present a defense.  In Ground Four, Petitioner raises issues of prosecutorial misconduct centered around the comments by the Solicitor which Petitioner contends commented on his right to remain silent and not present a defense and in making a "Golden Rule" argument.  Respondent contends that Grounds Three and Four are procedurally barred, and the undersigned agrees.

At his PCR hearing, the PCR court did not rule on these issues in its order denying the APCR.  (R.pp. 369-374).[8]  If Petitioner had intended to proceed on either of these claims, his failure to file a motion to reconsider requesting the PCR Court to specifically address these issues constitutes a default of these claims.  See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was

---

[8]Further, although Petitioner's initial APCR petition and amended APCR petition included numerous issues which he elected not to proceed on at his PCR hearing, it is not even clear that these two grounds would have been included in any of those original grounds.  For instance, although Petitioner initially advanced a prosecutorial misconduct claim, that claim only stated "Argument in closing statement things he did not prove, changed statement from opening to closing" and "broke two court orders".  Petitioner did not reference Ground Four's claim of prosecutorial misconduct due to an alleged reference to Petitioner's right to remain silent and failing to present a defense.  (R.p. 301).  Likewise, with regard to Ground Three, although Petitioner initially alleged over thirty (30) ineffective assistance of counsel claims, none of those claims specifically reference counsel's failure to object to the closing statement on the basis that the Solicitor allegedly referenced Petitioner's failure to testify.  (R.pp. 300-301, 313-315).  In any event, since these claims were not addressed by the PCR court, they are procedurally barred.  See discussion, infra.



procedurally barred where the PCR court had not ruled on the issue and Petitioner did not file a motion to alter or amend to request a ruling in regard to the issue]. Hence, although Ground Three was subsequently raised in Petitioner's PCR appeal, since it had not been properly preserved for appellate review, it was procedurally barred from consideration on appeal under South Carolina law. White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]; cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008). Petitioner did not even attempt to raise Ground Four in his PCR appeal, which in any event is a direct appeal issue.

Because Petitioner did not properly raise and preserve Grounds Three or Four in his APCR and state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d



at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state courts through the final level of state court review, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Martinez v. Ryan</u>, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

In his response in opposition to summary judgment, Petitioner does not address the Respondent's argument that these issues are procedurally barred and does not offer any "cause" for his failure to properly preserve these issues.[9] Therefore, Petitioner has failed to show cause for his

---

[9]The Court does note that in his Petition, Petitioner makes the assertion that his failure to properly raise Ground Four in his APCR was due to ineffective assistance of PCR appellate counsel.
(continued...)



procedural default on these issues. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert.</u>

<u>denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a

defaulted claim into Federal Court."].[10]

        Finally, to the extent Petitioner is arguing that he is actually innocent, cognizable

claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere

legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998); <u>see</u> <u>also</u> <u>Doe v. Menefee</u>,

391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type

that was not presented in any of his prior court proceedings which supports his innocence on the

---

[9](...continued)
However, as previously addressed, that issue was not addressed in the PCR court order, so it was not properly preserved and could not have been raised in his PCR appeal. <u>See</u> discussion, <u>supra</u>. Further, ineffective assistance of PCR appellate counsel is not cause for a default. <u>Martinez v. Ryan</u>, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); <u>Cross v. Stevenson</u>, No. 11-2874, 2013 WL 1207067 at * 3 (D.S.C. Mar. 25, 2013)["<i>Martinez</i> . . . does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."](quoting <u>Martinez</u>, 132 S.Ct. at 1320); <u>Rodriguez v. Padula</u>, No. 11-1297, 2014 WL 1912345 at * 7 (D.S.C. May 12, 2014); <u>Johnson v. Warden of Broad River Corr.</u>, No. 12-7270, 2013 WL 856731 at * 1 (4th Cir. Mar. 8, 2013)[PCR appellate counsel error cannot constitute cause under <u>Martinez</u> exception]; <u>Johnson v. Cartledge</u>, No. 12-1536, 2014WL 1159591 at *10 (D.S.C. Mar. 21, 2014)(same); <u>Lewis v. Williams</u>, No. 12-3214, 2013 WL 3929993 at *4 (C.D.Ill. July 29, 2013)[Ineffective assistance of PCR appellate counsel is not a ground for relief under § 2254]; <u>Flowers v. Norris</u>, No. 07-197, 2008 WL 5401675 at * 11 (E.D.Ark. Dec. 23, 2008)[same].

[10]Since Petitioner has not presented the necessary "cause", it is not necessary to address the prejudice prong. However, the undersigned notes that Petitioner did not even address his claim of prosecutorial misconduct in Ground Four in his memorandum in opposition. Further, with regard to Ground Three concerning ineffective assistance of counsel for failing to object to the Solicitor's comments allegedly violating his right to remain silent and failure to present a defense, Petitioner only referenced in his response that the officer should not have been allowed to testify as to Petitioner's statements to him since they were hearsay. <u>See</u> Response in Opposition to Summary Judgment, pp. 9-10. However, Petitioner's statement to the officer was admissible under Rule 801, SCRE.



criminal charges on which he was found guilty.  See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim).  Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, Grounds Three and Four asserted by Petitioner in this habeas petition are procedurally barred from consideration by this Court, and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 27, 2015
Charleston, South Carolina

22



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

